UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | } | |
| --- | --- | --- |
| | } | |
| vs. | } | No. 3:13-cr-009 |
| | } | Reeves/Shirley |
| ROCKY JOE HOUSTON, | } | |
| | } | |
| Defendant. | } | |

## MOTION TO DISQUALIFY PETIT JURORS

Comes now the Defendant, by and through undersigned counsel, and moves to disqualify all petit jurors who served on the jury for the trial of Count One in the case of *United States v. Clifford Leon Houston*, Case #13-cr-10 (the "Leon Houston" case), heard on November 4-6, 2013. For grounds, the Defendant would show as follows:

In the trial of Count One of the Leon Houston case, the Government presented extensive, detailed, and largely unchallenged, testimony and evidence relating to alleged illegal activities of Leon Houston's brother **Rocky Houston**, the defendant herein.

The U.S. Constitution guarantees an accused the right to a fair trial and to be tried by an *impartial* jury based only upon the evidence presented in open court. In certain "extreme" or "exceptional" circumstances, courts should employ a conclusive presumption that a juror is biased. *Johnson v. Luoma*, 425 F.3d 318, 326 (6th Cir. 2005) citing *United States v. Frost,* 125 F.3d 346, 379 (6th Cir. 1997). A finding of implied bias is appropriate "where the relationship between a prospective juror and some aspect of the litigation is such that it is highly unlikely that the average person could remain impartial in his deliberations under the circumstances." *Id.*

The exposure of the petit jurors to the extremely prejudicial evidence in the Leon Houston case relating to the defendant Rocky Houston clearly calls for the Court to invoke the

implied bias doctrine. Having heard the evidence in the Leon Houston trial, it is "highly unlikely" that any of those jurors could remain impartial in their deliberations in the Rocky Houston case. The Government's evidence in the Leon Houston case unquestionably instilled in those jurors a bias against Rocky Houston and caused them to be negatively predisposed in their opinion on the guilt of Rocky Houston.

**WHEREFORE**, counsel for the Defendant respectfully requests an order disqualifying all petit jurors, and alternates, who served in the trial of Count One in *United States v. Clifford Leon Houston*, Case #13-cr-10, from serving in the juror pool in the present case.\*

**RESPECTFULLY SUBMITTED**,

s/ *Michael P. McGovern*
MICHAEL P. McGOVERN
Attorney for Defendant Rocky Houston

**THE McGOVERN LAW FIRM**
3021 Tazewell Pike
Knoxville, Tennessee 37918
(865) 686-4891
michael@themcgovernlawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing motion has been served electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via the United States Postal Service, first class mail. Parties may access this filing through the Court's electronic filing system.

This the 8th day of November, 2013.

s/ *Michael P. McGovern*
MICHAEL P. McGOVERN

---

\* Should the Government present evidence equally prejudicial to Rocky Houston in the upcoming trial of Count Two of the Leon Houston case, the defendant will seek similar relief with regard to all jurors serving in that trial.