UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:13-CR-09 |
| | ) | JUDGE REEVES |
| ROCKY JOE HOUSTON | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM AND NOTICE OF INTENT
TO PRESENT EVIDENCE IN SUPPORT OF ITS REQUEST FOR A SENTENCE
AT THE TOP OF THE CALCULATED GUIDELINES RANGE

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, hereby files its sentencing memorandum requesting a sentence at the top of the Guidelines range calculated in this case. The United States hereby notifies the Court that it will present evidence at the sentencing hearing in support of that request.

1. Background

As the Court is aware, in 2010, the defendant was convicted of felony evading arrest in Roane County, Tennessee, and as a convicted felon, was prohibited from possessing firearms. In 2012, ATF began an investigation into the defendant's activities after receiving information that he was in possession of firearms. After installation of a pole camera adjacent to the Houston family farm, law enforcement agents observed the defendant on numerous occasions carrying and/or shooting firearms. The defendant was arrested on January 11, 2013, and was later indicted on fourteen counts of being a felon in possession of firearms, based on the information captured on the camera recordings and the firearms seized during the execution of search

warrants at the three residences located on the Houston family farm.[1] The evidence introduced at trial demonstrated that seventeen firearms were seized from within the residence occupied by the defendant, his wife and son. Five other firearms were seized from the nearby residence of the defendant's brother, Leon Houston, and three additional firearms were seized from Leon Houston as he approached the residence of the defendant on a four-wheeler after the agents had arrived to prepare for the execution of search warrants. Finally, the evidence introduced at trial clearly showed that the defendant had unfettered access to his brother's residence, that he was often seen by surveilling agents carrying firearms around the farm which were seized from within Leon Houston's trailer, and that he was therefore in joint and/or constructive possession of all of the firearms seized that night (the Court will recall that the defendant was arrested that evening away from the farm).

The probation officer determined the base offense level to be 22, with six levels added for the number of firearms (25), resulting in a total offense level of 28. [PSR at ¶¶ 15, 16, 20, 23.] With the defendant's Criminal History Category of II, a Sentencing Guidelines range of 87-108 months was established. (*Id*. at ¶¶ 29, 48.) The United States agrees that the Guidelines range was properly calculated.

  2.  <u>Factors to be Considered Under 18 U.S.C. § 3553(a)</u>

In imposing an appropriate sentence, the Court must consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to

---

[1] The Court later dismissed Counts Two through Fourteen on motion of the United States. [See Doc. 169, Minutes.] The remaining count was in relation to the firearms seized on January 11, 2013.

2

criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

In *Pepper v. United States*, 131 S. Ct. 1229 (2011), the Court emphasized that 18 U.S.C. § 3661 expressly authorizes sentencing courts to consider, "without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." *Id*. at 1240. *See United States v. Loaiza-Sanchez*, 622 F.3d 939 (8th Cir. 2010) (any "criminal conduct, whether or not related to the offense of conviction . . . is part of 'the history and characteristics of the defendant' that the district court 'shall consider' in imposing an appropriate sentence, 18 U.S.C. § 3553(a)(1), and it may be relevant in a particular case to the factors enumerated in § 3553(a)(2)."

The defendant and his brother are well known in this area for clashing with law enforcement officials and the courts; for instance, they have filed a multitude of *pro se* lawsuits over the years leading up to this litigation. A perfect example of the defendant's contemptuous attitude toward the justice system is found at paragraph 27 of the PSR. According to the PSR, the defendant in 2001 threatened the presiding judge in a hearing on a traffic citation which the defendant had received, saying "[w]atch yourself and watch your family. If you thought Waco was something then you ain't seen shit." (PSR at ¶ 27.) This incident resulted in a conviction for disorderly conduct and a thirty-day jail sentence. (*Id*.)

In 2004, the defendant was involved in a high-speed chase with law enforcement officials that occurred after a Roane County Deputy attempted to arrest the defendant on an outstanding warrant. (*Id*. at ¶ 28.) The chase ended with the defendant flipping and crashing his vehicle. During the chase, the defendant was taunting officers by waiving his arms and yelling "come

3

on." (*Id.*)  Later during the chase, the defendant twice swerved his vehicle into the pursuing officer's vehicle.  Also, a 10-millimeter Glock handgun flew out of the defendant's vehicle when he crashed.  (*Id.*)  This incident was the basis for the defendant's conviction for felony evading arrest.

As referenced in paragraph 36 of the PSR, the defendant and his brother were charged in 2006 with the murders of Roane County Sheriff's Deputy Bill Jones and his ride-along companion, Mike Brown.  (*Id.* at ¶ 36.)  It was alleged that the Houstons ambushed the men in the cruiser as they approached the residence at 412 Bernard Narrows Road (referred to during trial as "the farmhouse").  Through several jury trials in Roane County, the Houstons claimed that they were fired upon first, and that in returning fire they acted in self-defense.  None of the trials resulted in convictions.  Leon Houston was ultimately acquitted by a jury while the defendant's case ended after the Tennessee Court of Criminal Appeals ruled that a double jeopardy issue prevented another retrial of him.

As previously set forth in the government's sentencing memorandum for the defendant's brother, Clifford Leon Houston, after both Houston brothers were freed of the murder charges, their outward expression of outrage and condemnation of the criminal justice system in general escalated exponentially.  They appeared to have been emboldened by avoiding convictions and began exhibiting perverted senses of "justice" by openly displaying photographs on a home-made billboard of the bodies of the murder victims which they had acquired through the discovery process during their murder trials.  Other billboards were erected on which they expressed their condemnation of federal, state and local law enforcement officials and others with whom they had come in contact or sued over the years.  Evidence of this perverse display and open hostility toward the judicial system will be introduced at this defendant's sentencing

4

hearing as was done during the sentencing hearing of Leon Houston earlier this year.

With regard to one of the Section 3553(a) factors to be considered, the government submits that an attempt to "promote respect for the law" would be futile in this case unless the Court imposes a sentence at the top of the Guidelines range. The sentence imposed needs to be such that it impresses upon the defendant the seriousness of his offense and awakens him to the fact that he is going to be appropriately punished by the judicial system, whether he respects it or not.

3. Conclusion

The history of this defendant in particular, and that of his brother, should demonstrate clearly to this Court that the need to protect the public from further crimes of the defendant is a serious concern. The Court cannot lose sight of the fact that this case will not end with the imposition of judgment and the defendant's completion of service of the term of imprisonment. He will be on supervised release for a period of time determined to be appropriate by this Court. His contemptuous mindset towards the justice system will no doubt continue to be dealt with by someone associated with the federal judicial system for some time to come.

Respectfully submitted,

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

By: *David C. Jennings*
DAVID C. JENNINGS
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 16, 2014, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail.

                s/ *David C. Jennings*
                DAVID C. JENNINGS
                Assistant United States Attorney