# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | No. 3:13-CR-9 |
| | } | Hon. Danny Reeves |
| ROCKY HOUSTON, | } | |
| | } | |
| Defendant. | } | |

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant, by and through counsel, submits the following memorandum for the Court's consideration at sentencing:

### SENTENCING PROCEDURE

In *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), the Supreme Court described the proper procedure for post-*Booker* sentencing. First, a sentencing court must properly determine the United States Sentencing Guidelines ("USSG" or "Guidelines") sentencing range pursuant to 18 U.S.C. § 3553(a)(4). Second, the court must consider whether any of the Guidelines' departure policy statements apply pursuant to 18 U.S.C. § 3553(a)(5).[1] Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a) taken as a whole before determining the sentence to be imposed, including whether a variance is warranted. *See United States v. Buchanan*, 449 F.3d 731, 738-739 (6th Cir. 2006). The Guidelines now incorporate that three-step process. USSG §1B1.1(a)−(c).

---

[1] "[T]here is not complete agreement among the courts over whether Guideline-based 'departures' truly even exist at this point." *United States v. McBride,* 434 F.3d 470, 477 (6th Cir. 2006). Nevertheless, the Sixth Circuit still recognizes Guideline departures and requires their calculation.

# DETERMINING THE SENTENCE

## STEP 1: ADVISORY GUIDELINE CALCULATION (18 U.S.C. § 3553(a)(4))

The Presentence Investigation Report (PSIR) places the Defendant at Level 28 of the Sentencing Table with a Criminal History Category of II. Thus, the probation office's calculated advisory Guideline range is 87-108 months. (PSIR, ¶ 48).

The Defendant has objected to the *six-level* enhancement under USSG § 2K2.1(b)(1)(C). The Defendant now concedes that a four-level increase under § 2K2.1(b)(1)(B) is apposite based on anticipated proof, by a preponderance of evidence, that he was in constructive possession of the combined 22 firearms located within his marital residence and the residence of his brother, Leon Houston. However, as set forth in his filed Objection, the Defendant maintains that there is no proof, by any standard, that he was ever in actual or constructive possession of the three (3) firearms seized from his brother on the evening of January 11, 2013.

The proper Offense Level is 26. With a Criminal History Category of II, the correct advisory Guideline range is 70-87 months.

## STEP 2: GUIDELINE DEPARTURES (18 U.S.C. § 3553(a)(5))[2]

No factors suggesting a Guideline departure are known or have been identified. (PSIR, ¶ 62).

## STEP 3: SUBSTANTIVE REASONABLENESS OF THE SENTENCE CONSIDERING *ALL* SECTION 3553(a) FACTORS

It is now well-established that the Sentencing Guidelines, including any applicable departures, are advisory only. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The advisory Guideline range should not be "treated as a starting point or necessarily understood as representing a presumptively reasonable sentence in a given case."

---

[2] *See* note 1.

*United States v. Phelps,* 366 F.Supp.2d 580 (E.D. Tenn. 2005). Instead, once the appropriate advisory Guideline range is calculated, the district court "throws [it] into the section 3553(a) mix." *United States v. McBride, supra* at 476.

A federal district judge must consider all of the § 3553(a) factors to determine the appropriate sentence. 18 U.S.C. § 3582(a)("The court … *shall* consider the factors set forth in section 3553(a) to the extent that they are applicable …" (e.s.)). As stated by this Honorable Court:

> [The judge] must make an individualized assessment based on the facts presented. … After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*U.S. v. Boyd*, 2008 WL 4963198, *2 (E.D. Tenn. 2008)(J. Varlan) citing *Gall v. United States, supra.*

Section 3553(a) states that a district court shall, *inter alia*, consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

   * * *

(4) the kinds of sentence and the [Guideline] sentencing range …

Turning to each of the pertinent factors:

### (1) The nature and circumstances of the offense and the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1))

**a. The nature and circumstances of the offense**

The Defendant was convicted of being unlawfully in possession of a firearm. It bears noting that the firearms were not possessed or used for a separate criminal purpose. Further, there is no competent proof that any of the firearms were possessed anywhere other than on the Defendant's private property.

**b. History and characteristics of the defendant**

To be sure, the Defendant is an uncouth, loud and obstinate individual. Needless to say, he has extremely strong convictions about government activities and his civil rights. Mr. Houston has a long history of fighting against what he perceives to be corruption and fraud in government and the judicial system. He has – as is his right under the First Amendment "to petition the Government for a redress of grievances" – filed numerous lawsuits seeking to expose that perceived corruption. He has – again, as is his right under the First Amendment – posted large billboards on his property in Roane County accusing certain governmental and judicial officials of corruption and treason. The U.S. Constitution protects, if not encourages, such public dissent and comment.

Mr. Houston's long-running campaign against alleged public corruption may have annoyed the targeted public officials and, at times, may have been viewed as rude and misguided; however, such activity should not serve as the basis for negative treatment at sentencing. The right to dissent is the right of citizens to object to government activities or conduct *without fear of impediment or reprisal*.

As this Court recently pointed out, "Houston has consistently taken the position that the prosecution of this matter is in retaliation for … his posting of billboards that are critical of local and federal authorities." [Order, Doc. 231]. In its sentencing memorandum [Doc. 224], the Government makes the highly disturbing statement that the posting of those billboards on the Defendant's property was a "perverse display" and an expression of "open hostility toward the judicial system," thus, at least in part, justifying a sentence at the top of the Guideline range. The Government also characterizes the Defendant's numerous *pro se* lawsuits as "*clashing* with law enforcement officials and the courts." In short, the Government is requesting maximum punishment for Mr. Houston based on his untoward, yet constitutionally-protected, activities. The Government's derisive statements about Mr. Houston's exercise of his Constitutional right to free speech could easily lead one to believe that Mr. Houston was right all along about the Government's motivation for prosecution.

As noted above, the right to dissent is the right of citizens to object to government activities or conduct *without fear of impediment or reprisal*. It is inappropriate for this Court to use Mr. Houston's previous lawsuits and his open expressions of public dissent as enhancing factors at sentencing. To do so would constitute reprisal against Mr. Houston for the exercise of his rights under the First Amendment.

The Defendant objects to the introduction of any evidence relating to his civil lawsuits or billboards, or any consideration of same, at the sentencing hearing in this case.

    **(2)**    **the need for the sentence imposed--**

        **(A)**    **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**

        **(B)**    **to afford adequate deterrence to criminal conduct;**

        **(C)**    **to protect the public from further crimes of the defendant; and**

> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

These four considerations — retribution, deterrence, incapacitation, and rehabilitation — are the four purposes of sentencing, generally, and a court must fashion a sentence "to achieve the[se] purposes ... to the extent that they are applicable" in a given case. § 3551(a).

The Government claims that the Defendant has a "contemptuous attitude towards the justice system." The Government supports that allegation by a spontaneous, angry comment supposedly made by the Defendant *13 years ago* in a traffic court. That hardly shows an overall contempt for the justice system.

As further support for its allegation that the Defendant, the Government points to the Defendant's *10-year-old conduct* in resisting arrest. Arguably, that incident does not show disrespect for *the law*, but perhaps disrespect for certain law enforcement officers.

And, of course, the Government will, as it did at Leon Houston's sentencing hearing, make much of the Defendant's conduct in the subsequently-dismissed 2006 murder case. Little needs to be said about that except: (1) the Defendant was never convicted of the charges, and (2) he has always asserted that he acted in self-defense. His brother, Leon, was acquitted on the same theory of self-defense. To act in self-defense is not to act in disrespect of the law. Mr. Houston's actions in the 2006 shooting simply have no relevance to any of the § 3553(a) factors, except, perhaps, to give the Court some general history and background of this Defendant.

The PSIR indicates that the Defendant was charged twice with contempt of court (PSIR, ¶32 and ¶ 34), but the outcome of those cases is unknown. Therefore, the Court should not presume convictions in fashioning an appropriate sentence.

It also bears noting that the PSIR indicates that the Defendant's first contact with the criminal justice system occurred 13 years ago, in July 2001, when the Defendant was 40 years old. Prior to that time, and before a series of personally disturbing incidents, the Defendant could be described as a hard-working husband and father – a rather model citizen.

Further, as noted above, the Defendant's civil lawsuits and expressions of free speech critical of the judicial system cannot be deemed disrespect of the law any more than publication of the *Federalist Papers* constituted disrespect of the law. Mr. Houston's conduct was an expression of public dissent to which all citizens are entitled. Indeed, contrary to the Government's assertions, Mr. Houston's use of the civil court system indicates a *respect* for the judicial system and an effort to obtain relief through proper, legal channels. Mr. Houston did not throw tea into the Boston Harbor or illegally confiscate Government property at Alcatraz Island. His protests, though obviously repulsive to some, were conducted through non-violent, lawful means.

It can hardly be argued that the deterrence is needed or that the public needs protecting from further crimes of the Defendant. It is undisputed that after his release from the Roane County jail in 2010 the Defendant rarely left his property in Roane County. The proof at trial revealed that family members would bring him food and that his arrest was delayed for months because of his hermit-like lifestyle.

The present non-violent offense was established only through the utilization of surveillance cameras prying onto the Defendant's private real property. In other words, no crime was committed in or upon the public at large. In the three years prior to his arrest in this case, the Defendant demonstrated minimal contact with the public at large. He has not threatened or

caused harm to anyone. Therefore, there is no need to protect the public from further crimes by this Defendant.

Finally, this Defendant is not in need of educational or vocational training, or medical care.

**(4) the … [Guideline] sentencing range …**

As set forth above, the Defendant asserts that the correct advisory Guideline range is 70-87 months.

## SUGGESTED APPROPRIATE SENTENCE

The sentence rendered by the Court is this case is substantively reasonable if it is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008)(citation and internal quotation marks omitted). For the reasons set forth herein, the Defendant suggests that an appropriate sentence in his case, based on all the § 3553(a) factors, is a within-Guidelines sentence of imprisonment of 70 months followed by three (3) years of supervised release.

The Defendant requests that the Bureau of Prisons (BOP) give him credit for all the time he has served pending sentencing. 18 U.S.C. § 3585(b).

Finally, the Defendant requests a recommendation from the Court that any term of imprisonment be served at the appropriate Bureau of Prisons facility geographically closest to his home and family in Roane County, Tennessee.

**RESPECTFULLY SUBMITTED**,

s/ *Michael P. McGovern*
MICHAEL P. McGOVERN
Attorney for Rocky Houston

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing SENTENCING MEMORANDUM has been served electronically. Notice of filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via the United States Postal Service, first class mail. Parties may access this filing through the Court's electronic filing system.

This the 25th day of June, 2014.

s/ *Michael P. McGovern*
MICHAEL P. McGOVERN